Raymond E. Aldrich, Jr., J.
Petitioner, by order to show cause, moves for review of respondent’s termination of his participation in a work release program which permitted him to be employed by a private employer while serving his sentence (see Correction Law, art 26). Petitioner alleges that the termination of his participation was not in accordance *1024 with due process, and that he was terminated for alleged possession of drugs and of contraband (handgun), based on hearsay and allegations having no basis in fact.
Respondent, by the Attorney-General, denies that he has acted in any manner contrary to law, and claims that the termination of petitioner’s participation is not subject to review, being an act within the discretion of the work release committee.
Two questions are raised by this proceeding, one, involving due process procedural questions, and the other the legality of respondent’s acts. The procedural question must be considered first, as a finding that petitioner was denied due process would render moot any consideration of the validity of respondent’s action.
In a memorandum of law submitted on behalf of petitioner, his attorney argues that he should have been accorded the full panoply of due process rights, including prior notice in writing, notice of evidence upon which charges are based, right to counsel, an impartial tribunal, and a written decision setting forth the reasons for the same before his termination. In response, the Attorney-General alleges, without specification, that petitioner was afforded a minimal due process hearing in accordance with Wolff v McDonnell (418 US 539).
In a recent analysis of the rights of prisoners, the Supreme Court observed in Wolff (supra pp 555-556) that "there is no iron curtain drawn between the Constitution and the prisoners in this country.” While rejecting the wholesale application to prison disciplinary proceedings those due process standards advanced in Morrisey v Brewer (408 US 471), and Gagnon v Scarpelli (411 US 778), the court nevertheless found that those who are the subject of disciplinary proceedings are entitled to certain due process considerations, the extent of which the court determined would have to be defined by the circumstances surrounding the particular proceeding which the prisoner is the subject of. The court also found that the attachment of due process to the disciplinary proceeding in Wolff deserved further consideration since, the State of Nebraska was attempting to abrogate "good time” rights created by statute, rights that the court found to be of "real substance” and thus rights which could not be abrogated arbitrarily.
Petitioner’s interests in his continued participation in the work release program are also of substance herein. The wages earned by him, undoubtedly substantially greater than those *1025 he could earn within the institution, accrue to his benefit (Correction Law, § 857); his behavior, as in Wolff, might have a direct bearing on his good behavior time which could reduce the time of his incarceration (Correction Law, §§ 854, 803, 804). These rights deserve the same safeguards urged by the court in Wolff.
It should also be noted that at the time of the hearing on this motion, there were present in the courtroom witnesses from petitioner’s place of employment who were present to testify on his behalf. While this court will not pass now on whether such testimony will or should be permitted, those factors considered in Wolff which would have precluded the calling of inmate witnesses by an inmate in disciplinary proceedings would appear not to apply in this instance.
This court cannot pass at this time on whether petitioner’s constitutional rights were respected or were not afforded to him prior to his removal from the work release program, as the papers submitted for and against petitioner’s motion do not define the dimensions of the due process rights, if any, afforded to him.
Accordingly, this court directs that a hearing be held before it at the next term of this court at the Fishkill Correctional Facility (Matteawan) on May 23, 1975 for the -purpose of determining what due process rights, if any, were afforded to petitioner with the final determination of the court as to whether he should be restored to the program reserved until such time.
So ordered.